OPINION
{¶ 1} Plaintiff-appellant Patricia J. (Bachelder) Lyons appeals from the November 19, 2004, Judgment Entry of the Morrow County Court of Common Pleas which modified the child support obligation of defendant-appellee Brian J. Bachelder.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were married in 1985. Three children were born as issue of the marriage.
 {¶ 3} On May 15, 1996, the parties were divorced by an Agreed Journal Entry/Decree of Divorce. The Journal Entry incorporated a Separation Agreement. In the Separation Agreement, the parties agreed to a Shared Parenting Plan.[1] Pursuant to the Decree of Divorce and Separation Agreement, appellee was ordered to pay child support in the amount of $1,850.16 per month for the three minor children.[2]
 {¶ 4} This appeal originates from a motion to modify appellee's child support obligation filed by appellant on January 22, 2002. Previously, on October 3, 2000, the Morrow County Child Support Enforcement Agency [CSEA] had conducted a review of appellee's child support obligation and recommended that it be adjusted to $442.83 per month, per child, for a total of $1,328.49 per month. Appellant had objected.
 {¶ 5} A review of the 2000 CSEA recommendation and hearing on the motion to modify were held before a Magistrate on February 14, 2002. Appellee is a medical doctor who is the sole stockholder in his own practice, Brian Bachelder, M.D., Inc. At the hearing, the parties filed joint exhibits pertaining to appellee's earned income from 1998-2001 and a profit sharing statement showing appellee's pension contribution by appellee's corporation.
 {¶ 6} On June 29, 2004, the Magistrate filed a Magistrate's Decision. Appellee and appellant filed objections to the Magistrate's Decision.
 {¶ 7} By Judgment Entry filed November 19, 2004, appellant's and appellee's objections were sustained in part and overruled in part. In so doing, the trial court modified the Magistrate's Decision. Ultimately, the trial court ordered as follows:
 {¶ 8} "The Court finds Plaintiff's income to be $10,683.00 as found by the Magistrate. The Defendant's income is found to be as follows: [Year 2000 — $165,464.00; Year 2001 — $184,651.00; and Year 2002 — $162,397.00].
 {¶ 9} "The [Plaintiff's] income for 2002 and 2003 is $15,163.91."
 {¶ 10} "The Defendant shall pay child support in the amount of $668.90 per child per month for a total of $2,046.83 per month commencing on October 3, 2000 to December 31, 2000.
 {¶ 11} "From January 1, 2001 to December 31, 2001 said child support shall be $656.68 per child per month for a total of $2,009.44 per month. From January 1, 2002 to present said child support shall be $649.09 per child per month for a total of $1,986.23 per month.
 {¶ 12} "The Defendant shall pay an additional $300.00 per month plus processing fee towards any arrearage created by this Decision.
 {¶ 13} "3. Based on the Court's prior order and the Defendant's payment history, the Defendant had an arrearage in his child support obligation in the amount of $1,048.73 and $123.16 in processing fees as of December 31, 2003. The Morrow County Child Support Enforcement Agency shall use these figures prior to calculating any arrearage based on the Court's order as modified herein." November 19, 2004, Judgment Entry.
 {¶ 14} It is from the November 19, 2004, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 15} "I. THE TRIAL COURT'S CALCULATION OF THE APPELLEE'S SELF-EMPLOYMENT INCOME WAS NOT IN ACCORDANCE WITH THE THEN MANDATES OF OHIO REVISED CODE SECTION 3113.5(A) [sic], WAS CLEARLY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND AN ABUSE OF THE TRIAL COURT'S DISCRETION.
 {¶ 16} "II. THE TRIAL COURT'S CALCULATION OF THE APPELLEE'S OBLIGATION TO PAY AN ADDITIONAL AMOUNT PER MONTH OF $300.00 PLUS PROCESSING FEE TOWARD ANY ARREARAGE WAS NOT IN ACCORDANCE WITH THE THEN REQUIREMENTS OF OHIO REVISED CODE SECTION 3123.21(A)."
 I {¶ 17} In the first assignment of error, appellant argues that the trial court should have ordered appellee to pay more in child support. We disagree.
 {¶ 18} In Booth v. Booth (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined an abuse of discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 19} Specifically, appellant contends that appellee was attempting to lower his "on paper" income by transferring income from himself to his current wife and that this income should be included in the calculation of appellee's income and that the trial court abused its discretion when it included only half of appellee's payments made to his own pension plan in calculating appellee's income. As a result of those errors, appellant contends that the child support obligation determined by the trial court was an abuse of discretion. Appellant asserts that these errors are compounded by her poor health. Appellant contends that due to her health, she has been advised by her physician to reduce her hours of work. Appellant has not done so. Thus, appellant points out that her income would be further reduced if she were to follow her physician's advice and the disparity between her income and appellant's income would be increased. We will address each argument in turn.
 {¶ 20} First, appellant contends that a review of the evidence will show that appellee was attempting to lower his on paper income by transferring potential income from himself to his current wife, Debra Bachelder. Appellant argues that the $8,300 paid to Debra by appellee's corporation as a "salary" should be added into appellee's income along with the $854 paid into Debra's profit sharing plan. Appellant contends that this money is really income because appellee pays it out but it goes right back into appellee's family's income. Appellant contends that the failure to include this money in appellee's income was an abuse of discretion.
 {¶ 21} We find no abuse of discretion. Appellee testified that Debra worked for the corporation. Appellee testified as follows:
 {¶ 22} "She will on a biweekly basis do the hours for the employees. She will figure out paychecks. She will enter those into the computer. She does advertising for the office. She will look at advertising in terms of newspapers and different settings from that aspect. She makes bank deposits for the corporation. Will run errands. She makes purchases for the corporation as well when they are needed." Transcript at pg. 74.
 {¶ 23} Thus, there was evidence before the trial court showing that Debra performed services for appellee's corporation and was paid for those services. There was no evidence offered to rebut this evidence or show that the payments were unreasonable. Accordingly, we find no abuse of discretion.
 {¶ 24} Appellant also argues that the trial court abused its discretion when it failed to include the entire amount paid into appellee's pension plan because appellee decides for himself how much will be contributed into the plan. Appellant argues that this allows appellee to shift income and lessen the child support calculations for his own benefit. Upon review, we find no abuse of discretion.
 {¶ 25} In this case, the trial court held that appellee contributed $38,920 into the profit sharing plan. The trial court held that "ORC3113.215 specifically mentions pensions be includable in income. However in a normal employer-employee relationship each would contribute one/half. Therefore, it would be fair and equitable for the [appellee] to deduct $19,460 [half of the contribution] from his income for child support purposes, not $38,920.00".
 {¶ 26} The trial court's holding is in conformity with the decision of the Eighth Appellate District in Nicholson v. Nicholson (Sept. 6, 2001), Cuyahoga App. Nos. 78595, 78756, 2001 WL 1167151. In Nicholson, the appellate court concluded that normally an employer pays half of an employee's pension contributions and those contributions would not be considered income.
 {¶ 27} We find that the trial court did not abuse its discretion in including only half of appellee's contributions to his pension plan in his income calculation. The $38,920 in question is paid by the corporation, technically appellee's employer, into appellee's pension fund. Normally, a court would not consider any money contributed by an employer into an employee's pension plan as income. However, here appellee is essentially a self-employed doctor who can decide for himself how much income to pay into his pension plan. Further, once the money is paid into the pension plan, the doctor himself controls the pension plan. Thus, we find that it was reasonable to decide to consider some of that money as income to appellee. The half of the money not included as income may commonly be paid by an employer from income and would not be considered income. Accordingly, we find the trial court did not abuse its discretion when it found half of the money paid into appellee's pension plan to be income and half of it not to be income.
 {¶ 28} Last, appellant argues that the trial court abused its discretion in setting appellee's child support obligation since appellee earns on average $268,287.50 per year and appellant earns $10,683 per year. We find appellant's argument fails.
 {¶ 29} In this case, the trial court ordered that appellee pay child support of $2,046.83 per month from October 3, 2000 to December 31, 2000; $2,009.44 per month from January 1, 2001, to December 31, 2001; and $1,986.23 per month effective from January 1, 2002. Appellant contends that a child support obligation of $3,972.46 per month, effective October 3, 2000, would be in the children's best interests given that the appellant's earnings are under the poverty level, the appellee has income generating ability, the incomes of the parties are disparate and the parties' combined gross income is nearly $279,000. Appellant points out that the combined gross income of the parties is over $150,000, thereby giving the trial court the obligation to determine child support on a case by case basis. See R.C. 3119.04.
 {¶ 30} First, we point out that based on the reasoning set forth earlier in this opinion, we accept the trial court's calculation of appellee's gross income for 2000-2002. We have rejected appellant's contentions that appellee's current wife's income and pension payments and half of appellee's contribution to his own pension plan should be added to appellee's income. The trial court found that appellee earned $165,464 in 2000, $184,651 in 2001 and $162,397 in 2002. The average of these figures is $170,837.00.
 {¶ 31} Adding together $170,837 and $10,683, the combined gross income of the parties is $181,520. This amount, because it is over $150,000, does trigger the trial court's obligation to determine child support on a case-by-case basis. In addition, R.C. 3119.04(B) indicates that, generally, child support should be at a number no less than it would be when computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars ($150,000). In the case sub judice, the trial court calculated child support based on a combined gross income of the parties of $150,000 and went no further. It, therefore, appears that the trial court did not follow the mandate of the statute to determine child support on a case-by-case basis. But upon closer look, we do not find an abuse of discretion. The statute also obligates the trial court to consider the needs and standard of living of the children when doing the case-by-case determination of child support. The transcript of the child support hearing reveals little, if any, evidence as to the specific needs and standard of living of the children. Nor does appellant in her brief cite to us any portions of the transcript that deal with the needs and standard of living of the children.
 {¶ 32} When the trial court's award of child support is viewed in this light, we find no abuse of discretion.
 {¶ 33} Accordingly, appellant's first assignment of error is overruled.
 II {¶ 34} In the second assignment of error, appellant contends that appellee's obligation to pay an additional amount of $300 plus processing fees toward any arrearage was not in accordance with the requirements of R.C. 3123.21(A). Appellant argues that per R.C. 3123.21(A), the arrearage amount collected must equal at least 20% of the current child support payment. In fact, the statute creates a rebuttable presumption as to this amount. Appellant asserts that appellee should be ordered to pay a more reasonable child support payment of $3,972.46 per month and then be required to pay $794.49 as payment on the arrearage.
 {¶ 35} Appellant's assignment is premised upon this court concluding that appellee should be ordered to pay more in child support. In that this court has found that the trial court did not abuse its discretion in setting appellee's child support obligation, this argument is partially moot. But it appears that the trial court did not order arrearages to be paid at the rate of 20% of the current support order. The current support order is $1,947.27 per month. Twenty per cent (20%) of that is $389.45, not $300.00.
 {¶ 36} Accordingly, appellant's second assignment of error is sustained, in part.
 {¶ 37} The Judgment of the Morrow County Court of Common Pleas is affirmed, in part, and reversed and remanded in part.
Edwards, J., Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Morrow County Court of Common Pleas is affirmed, in part, but is reversed and remanded in regard to ordering the correct payment of child support arrearages. Costs assessed to appellant.
[1] The Shared Parenting Plan did not designate an amount of time for the children to spend with either parent.
[2] This is approximately $616.72 per month, per child.