[Cite as *Perez v. Simkins*, 2014-Ohio-4006.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DANIEL PEREZ, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 13 MA 146 |
| VS. | ) | |
| | ) | OPINION |
| WENDY SIMKINS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from Court of Common Pleas, Juvenile Division of Mahoning County, Ohio Case No. 04JI619 |
| JUDGMENT: | Affirmed |
| APPEARANCES: For Plaintiff-Appellee | Daniel Perez – Pro-se 1855 Country Club Avenue Youngstown, Ohio 44514 |
| For Defendant-Appellant | Attorney Matthew C. Giannini 1040 S. Commons Place Suite 200 Youngstown, Ohio 44514 |

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: September 8, 2014

DONOFRIO, J.

**{¶1}** Defendant-appellant Wendy Simkins appeals from the decision of the Mahoning County Common Pleas Court, Juvenile Division, adopting an administrative recommendation from the Mahoning County Child Support Enforcement Agency (CSEA) to increase her child support obligation.

**{¶2}** Simkins and plaintiff-appellee Daniel Perez had a child in 2004. After a subsequent and contentious custody battle, Perez was awarded custody of the child. This court affirmed that decision. *Simkins v. Perez*, 7th Dist. No. 11 MA 80, 2012-Ohio-1150.

**{¶3}** Thereafter, on June 26, 2012, the trial court ordered Simkins to pay the minimum monthly child support order of $50.00. According to Simkins, the trial court determined that she was not gainfully employed nor was it reasonable to impute income to her.

**{¶4}** On May 7, 2013, the CSEA exercised its authority under R.C. 3119.60 through 3119.71 (review of support orders) to review the trial court's June 26, 2012 child support order and, subsequently, prepared an administrative adjustment recommendation. The CSEA recommended that Simkins's child support obligation be increased from $50.00 per month to $194.31 per month, plus a 2% processing charge, with an effective date of May 1, 2013. The CSEA also recommended that Simkins be ordered to pay $38.86 per month as payment on arrearages. The administrative adjustment recommendation provided notice to Simkins of her right to request an administrative adjustment hearing, but she did not request one.

**{¶5}** On July 2, 2013, the CSEA issued a proposed modified order reflecting the recommendation. Simkins did not lodge an objection to the modified administrative order. The CSEA filed with the trial court a petition to adopt its administrative recommendation modifying child support. The trial court adopted the recommendation in a judgment entry dated July 29, 2013, and file-stamped by the clerk of courts on August 1, 2013. This appeal followed.

**{¶6}** Initially, it must be noted that Simkins's appellate brief does not set forth an assignment of error as required by App.R. 16(A)(3). App.R. 12(A) directs this court to determine the merits of appeals based "on the assignments of error set forth in the

briefs required by Rule 16."

{¶7} Nonetheless, Simkins essentially argues: (1) that the CSEA exceeded its statutory authority by conducting an administrative review of child support within less than thirty-six months after the order was originally issued and (2) that by finding that Simkins was voluntarily underemployed or unemployed and imputing income to her it substituted its judgment for a decision that was within the exclusive jurisdiction of the trial court and had already been determined by it.

### *Standard of Review*

{¶8} In reviewing matters concerning child support, appellate courts look at whether the trial court abused its discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### *Waiver*

{¶9} Initially, it should be noted that Simkins has waived any error with respect to the trial court's modification of her child support obligation. She did not request an administrative hearing in response to the CSEA's administrative adjustment recommendation and, later, did not object to the proposed modified order reflecting that recommendation. Simkins's May 9, 2013 copy of the CSEA's administrative adjustment recommendation provided her with notice of her first opportunity to object to the proposed modification. A section of that notice entitled "Your Right to an Administrative Adjustment Hearing" provided, in relevant part:

> Your support order is an administrative child support order; therefore, your request for an administrative adjustment hearing must be received within thirty (30) calendar days plus three (3) business days of the date on which this notice was mailed. You will be notified of the date of the administrative adjustment hearing by regular mail. The CSEA can permit one request for postponement from you of the

administrative adjustment hearing if the CSEA determines that you have a valid reason which prevents you from attending the administrative adjustment hearing. Your request for a postponement must be received by the CSEA at least seven (7) days before the scheduled administrative adjustment hearing date. You may bring legal counsel or a representative to the hearing.

To request an administrative adjustment hearing on this recommendation, you must complete the final page of this form and submit it to the Mahoning County CSEA.

**{¶10}** The notice ends with the following sentence in bold typeface, "If you do not request an administrative adjustment hearing or a court hearing within the time frames listed above, a new support order for both child and medical support will be issued that incorporates these findings and recommendations." Simkins did not request an administrative hearing.

**{¶11}** A copy of the CSEA's July 2, 2013 proposed modified order reflecting the recommendation which was filed with the trial court and mailed to Simkins provided her with her second opportunity to object to the proposed modification. The last section of that proposed order provided Simkins notice that:

In accordance with ORC section 3119.61, the Child Support Obligor and Child Support Obligee may object to the modified support order by initiating an action under ORC section 2151.231 in the juvenile court or other court with jurisdiction under ORC section 2101.022 or 2301.03 of the county in which the mother, father, child, or guardian or custodian of the child resides.

Simkins never initiated an action or filed an objection. By failing to request a hearing in response to the CSEA's administrative adjustment recommendation or to lodge an objection to the proposed modified order, Simkins has waived any alleged error in that regard. *See Craig v. Craig,* 10th Dist. No. 11AP-178, 2012-Ohio-1073,

¶¶10-14; *In re Rummel*, 194 Ohio App.3d 22, 2011-Ohio-2748, 954 N.E.2d 207 (10th Dist.), ¶ 14 (res judicata prevented father from contesting modification when he failed to request an administrative hearing or object to the recommendation of CSEA). Here, because Simkins did not object or request an administrative hearing, this court cannot say the trial court acted erroneously in journalizing the CSEA's findings and recommendations.

### *Thirty-six-month Rule*

{¶12} However, even if this court were to consider Simkins's substantive arguments, they would still fail. Once the trial court has issued a child support order, Simkins argues that the CSEA is without authority to initiate its own independent administrative review of the order for a period of thirty-six months. Ohio Adm.Code 5101:12-60-05.3, entitled "The administrative review" and cited by Simkins in support of her argument, does generally provide that the CSEA is not required to conduct an administrative review if it has been less than thirty-six months from the date of the most recent child support order. However, there are numerous exceptions to the general rule, one of which is applicable to this case.

{¶13} Either party to a child support order can request the CSEA to conduct an administrative review. In this case, Perez states that he requested an administrative review in March 2013. Ohio Adm.Code 5101:12-60-05.3 provides that either party to a child support order may request an administrative review sooner than thirty-six months when, in a situation such as the one presented by this case, "[t]he existing child support order established a minimum or a reduced child support obligation based on the guidelines due to the unemployment or underemployment of one of the parties and that party is no longer unemployed or underemployed."

{¶14} Here, according to Simkins herself, the trial court's original, minimum $50.00 per month child support order was due to her unemployment or underemployment. Thus, if Perez was able to "provide to the CSEA evidence or information supporting an allegation of the change in the employment status," then the CSEA had authority to initiate an administrative review. There is nothing in the record in this regard because Simkins did not request an administrative hearing or

lodge an objection to the proposed modification. Thus, this court is left to presume the regularity of the proceedings below.

### Simkins's Underemployed/Unemployed Status

**{¶15}** Simkins next argues that the CSEA's upward modification of her child support obligation effectively usurped the exclusive jurisdiction of the trial court to determine whether she was voluntarily underemployed or unemployed as justification for imputing income to her.

**{¶16}** R.C. 3119.01(C)(11)(a) lists factors a trial court is to consider when imputing income. Ohio Adm.Code 5101:12-60-05.1(E)(1) requires a CSEA to consider the same criteria when imputing income to a parent when it conducts an administrative review of support. *Wallace v. Wallace*, 195 Ohio App.3d 314, 2011-Ohio-4487, 959 N.E.2d 1075, 1078 (9th Dist.), ¶ 10. Thus, there is explicit authority for a CSEA to impute income when it conducts an administrative review.

**{¶17}** In sum, Simkins failed to preserve and waived any error by the trial court in its decision to adopt the recommendation of the CSEA increasing her child support obligation because she did not request an administrative adjustment hearing or file an objection to the proposed modified order. Nonetheless, the CSEA had authority to initiate an administrative review of the original order at the request of Perez and to impute income to her.

**{¶18}** The judgment of the trial court is affirmed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.