[Cite as *J.E.M. v. D.N.M.*, 2021-Ohio-67.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| J.E.M., | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 109532 |
| v. | : | |
| D.N.M., | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 14, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-15-357384

***Appearances:***

Stafford Law Co., L.P.A., Joseph G. Stafford, and Nicole A. Cruz, *for appellant.*

Law Office of Carol A. Szczepanik, L.L.C., and Carol A. Szczepanik, *for appellee.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant father, J.E.M., appeals from a decision of the trial court granting appellee mother, D.N.M.'s motion to modify her child support obligation. On appeal, father raises the following two assignments of error for our review:

The trial court erred as a matter of law and abused its discretion in its application of the amended Ohio Revised Code Section Chapter 3119, effective March 28, 2019.

The trial court erred as a matter of law and abused its discretion by denying the appellant's motion to dismiss.

{¶ 2} After a review of the record and applicable law, we conclude the trial court did not abuse its discretion in granting mother's motion to modify and reducing her child support obligation.

**Background**

{¶ 3} The parties were married in 2014 and divorced in January 2017. They have a child, born in 2014. Under the divorce decree, father was designated the custodial parent and mother's child support obligation was deviated to zero due to her circumstances, which included her low income level and that she was expecting a second child (from a different relationship) at the time.

{¶ 4} The record reflects that in 2018, the Cuyahoga County Job and Family Services, Office of Child Support Services ("the agency" hereafter) reviewed the child support matter. Based on its finding of father's annual income of $66,259 and mother's annual income of $37,107, the agency determined the appropriate amount of mother's child support to be $557.52 (when the child's health insurance is being provided). Mother did not request a hearing regarding the agency's recommendations; according to her testimony before the trial court, she was unaware of the agency's review of her child support.

{¶ 5} On December 14, 2018, the trial court adopted the agency's findings and recommendations for a modification of mother's child support, ordering her to pay child of $557.52 per month. On December 31, 2018, mother filed a motion to modify her child support ordered on December 14, 2018. She stated in the affidavit attached to her motion that "I never received an affidavit [form] to fill out my current bills or expenses. I was admitted in the hospital with my youngest son on 12/13/18 for a week and missed the opportunity to respond sooner." She also stated that she was a single mother living paycheck to paycheck and the ordered payment would cause substantial hardship to her and her younger child.

{¶ 6} A hearing before the magistrate was held on June 14, 2019, and July 17, 2019. Father argued that mother failed to allege a change in circumstances to justify a modification of the amount set forth in the trial court's December 14, 2018 order. Father argued mother failed to file an objection to the agency's finding and recommendations issued on November 1, 2018, within 30 days and the instant motion was an improper attempt to challenge the agency's findings and recommendations.

{¶ 7} Mother testified that she did not know the agency was conducting a review of her child support and, because her other child was in the hospital for an illness at the time, she did not know about the modification of her child support until she received the court's December 14, 2018 order. She testified that had she known about the availability of a hearing regarding the agency's recommendations, she would have filled out the necessary paperwork for such a hearing. She also testified

that the agency failed to accurately calculate her income. Mother acknowledged there was no change in her employment or income between December 14, 2018, and December 31, 2018.

{¶ 8} Although the applicable statute providing for the child support calculation worksheets was amended on March 28, 2019, several months before the commencement of the hearing on June 14, 2019, there was no discussion on the amendment of the statute at the hearing.

{¶ 9} Both mother and father filed written closing arguments. In her closing argument, mother disputed the agency's determination of father's and mother's income. She submitted her own worksheet (based on father's income of $71,826 and her income of $29,535) to show that her monthly child support obligation should be no more than $246.74.

{¶ 10} In his closing argument, father disputed mother's claim regarding her income. Father also argued that mother failed to object to the agency's findings and recommendations and her motion to modify should be treated as an untimely attempt to object to the agency's findings and recommendations. Father also claimed the affidavit attached to mother's motion to modify was not in compliance with the requirements of Loc.R. 19 of Cuyahoga County Court of Common Pleas, Domestic Relations Division.

{¶ 11} Father submitted three child support worksheets for the court's consideration. The first and second worksheets were based on the child support guidelines in effect prior to March 28, 2019. These two worksheets were based on

father's income of $60,040 and mother's income of $45,000 (based on father's claim regarding mother's 2018 income) and $66,000 (based on father's claim regarding mother's 2019 income), respectively. The first worksheet (based on mother's income of $45,000) showed mother's support obligation to be $622.58; the second worksheet (based on mother's income of $66,000) showed mother's support obligation to be $824.50.

{¶ 12} The third worksheet submitted by father was based on the child support guidelines that took effect after March 28, 2019. Based on father's income of $60,040 and mother's income of $66,000, the third worksheet arrived at $524.86 for mother's support obligation.

**The Magistrate's Decision**

{¶ 13} On January 3, 2020, the magistrate issued a detailed and lengthy decision. The magistrate first noted that at the time of the agency's recommendations issued on November 1, 2018, the existing version of R.C. 3119.63 ("Review of court support order; modification") did not grant authority for the agency to consider any existing deviations, while the current (post-March 28, 2019) version of R.C. 3119.63 provides statutory authority for the agency to apply an existing deviation.[1]

---

[1]Section (B) of R.C. 3119.63, added by H.B. 366, states:

If the court child support order under review contains a deviation granted under sections 3119.06, 3119.22, 3119.23, 3119.231, and 3119.24 of the Revised Code, apply the deviation from the existing order to the revised amount of child support, provided that the agency can determine the

**{¶ 14}** The magistrate then cited R.C. 3119.79 for judicial remedies available to the parties for modification of child support.[2] The statute set forth the "ten-percent rule," providing that if a party requests a child support be modified, the court shall recalculate the amount of support in accordance with the schedule and applicable worksheet and, if a variance of more than 10 percent exists after completing the child support worksheet, the variation shall be considered as a change of circumstances substantial enough to modify the existing child support.

**{¶ 15}** Regarding father's argument that mother's motion to modify child support was in effect a request to reconsider the court's December 14, 2018 child support order, the magistrate observed that mother filed a motion to modify the child support, as opposed to a motion for relief from judgment, and "[a]s such, her

---

monetary or percentage value of the deviation with respect to the court child support order. If the agency cannot determine the monetary or percentage value of the deviation, the agency shall not apply the deviation to the revised amount of child support.

[2] The current version of R.C. 3119.79(A), which is substantially similar to its former version, provides the following:

(A) If an obligor or obligee under a child support order requests that the court modify the amount of child support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet. If that amount as recalculated is more than ten per cent greater than or *more than ten per cent less than the amount of child support* required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.

(Emphasis added.)

motion does not ask this court to reconsider the agency's recommendations." The magistrate, however, noted that the agency should have considered father's accurate wages and his overtime pay, and should have determined mother's income based on her actual wages earned in 2018.

{¶ 16} Noting that mother's motion was filed before March 28, 2019, but the matter was not heard until after the effective date of the new law, the magistrate calculated mother's child support under two worksheets: the first worksheet, based on the former law, was completed for mother's child support obligation from December 31, 2018, to March 27, 2019; the second worksheet, based on the new law, was completed for her child support obligation commencing March 28, 2019.

{¶ 17} The first worksheet showed mother's child support to be $484 (based on father's income of $80,807 and mother's income of $33,725). Because this sum reflected a differential larger than ten percent, the magistrate determined that there was a substantial change of circumstances to justify a modification of the existing support order pursuant to R.C. 3119.79. Consequently, the magistrate denied father's motion to dismiss.

{¶ 18} The magistrate's second worksheet for mother's support obligation, effective March 28, 2019, used a base pay of $66,040 for father plus his three-year average of overtime pay, and it used mother's wage income of $37,107 for 2019; the worksheet also adjusted father's child care expenses based on the father's testimony regarding the change of childcare expenses beginning in August 2019. This worksheet, based on the new law, took into account a deviation for parenting time

exceeding 90 overnights and it arrived at mother's child support payment of $372. Because that amount was more than 10% less than the existing amount of $484, the magistrate determined there was a substantial change of circumstances justifying a modification of the prior support amount of $484.

{¶ 19} Father filed objections to the magistrate's decision. First, father asserted it was an abuse of discretion for the magistrate to deny his motion to dismiss mother's motion to modify child support. He argued there was no change in the parties' income or expenses between the trial court's order on December 14, 2108 order and mother's motion to modify on December 31, 2018. Father claims it was also an abuse of discretion for the magistrate to reduce mother's support obligation retroactive to December 31, 2018, because the magistrate considered his additional income in the worksheet computation but the additional income was received after mother's motion to modify was filed. Father in addition argued that the magistrate's worksheet considered a change in father's childcare expenses but the change would not commence until August 2019.

{¶ 20} In addition, father argued the magistrate should not have applied the amended law to mother's support obligation after March 28, 2019, the effective date of the amended law, because her motion to modify was filed three months before that date.

{¶ 21} The trial court overruled father's objections and adopted the magistrate's decision. The court rejected father's claim that the magistrate erroneously applied the amended R.C. Chapter 3119 retroactively, noting that the

magistrate properly calculated mother's support obligation before March 29, 2019 under the former version of R.C. Chapter 3119 and applied the amended law to her obligation after its effective date. Father now appeals, raising two assignments of error for our review.

**Standard of Review**

{¶ 22}A trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). More specifically, we review a trial court's child support modification order for an abuse of discretion. *Morrow v. Becker*, 138 Ohio St.3d 11, 2013-Ohio-4542, 3 N.E.3d 144, ¶ 9. An "abuse of discretion" occurs where the court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). The trial court has considerable discretion in child support matters; absent an abuse of discretion, we will not disturb a child support order. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997).

**Whether the Trial Court Improperly Applied the Amended R.C. Chapter 3119 Retroactively**

{¶ 23} Effective March 28, 2019, R.C. Chapter 3119, which governs child support, was amended by 2018 Am.Sub.H.B. 366. The bill amended, enacted, or repealed 30 sections of the chapter. *See A.S. v. J.W.*, 157 Ohio St.3d 47, 2019-Ohio-2473, 131 N.E.3d 44, ¶ 2, fn. 1. Under the first assignment of error, father argues the trial court improperly applied the amended R.C. Chapter 3119 retroactively. To

address father's contention, we begin with a review of the limited case law involving the issue of retroactive application of the child support statutes.

{¶ 24} *Kassicieh v. Mascotti*, 10th Dist. Franklin Nos. 05AP-684 and 06AP-1224, 2007-Ohio-5079, concerned the application of R.C. 3119.04 ("Determination of support obligation where combined gross income is less than $6,600 or greater than $150,000"), which went into effect in March 22, 2001, after the parties' divorce action was filed but before appellant parent filed motions for modification of parental rights and obligations. The magistrate applied the newly enacted R.C. 3119.04. Appellant argued the trial court should not have applied the statute because the original motion for child support was filed before the new law came into effect.

{¶ 25} The Tenth District, reviewing the issue under plain error, noted the courts have applied R.C. 3119.04 to actions initially filed prior to March 22, 2001, but in which motions to modify support amounts were filed after the effective date of the statute, citing *Guertin v. Guertin*, 10th Dist. Franklin No. 06AP-1101, 2007-Ohio-2008 (applying R.C. 3119.04, effective March 22, 2001, to calculate child support where original divorce action was filed in 1997 and the mother sought administrative review of the child support amount in 2002), and *Lyons v. Bachelder*, 5th Dist. Morrow No. 2004-CA-0018, 2005-Ohio-4887 (applying R.C. 3119.04 where the parties were divorced in 1996 and the motion to modify support was filed in 2002).

{¶ 26} The applicability of these cases to the instant appeal is limited. They do not stand for the proposition that the date of the motion to modify child support controls whether a newly enacted or amended statute should apply. Rather, they illustrate that the date of the original divorce case does not control the application of a new or amended statute that becomes effective subsequently. Furthermore, in these cases, the new law was already in existence when the motion to modify was filed. The instant case differs from these cases in that the pertinent statutes in R.C. Chapter 3119 were amended *after* the motion was filed but before the trial court heard the matter and determined the child support. As such, these cases provide little guidance.[3]

{¶ 27} Instead, we find the following cases instructive. In *Posadny v. Posadny*, 2d Dist. Montgomery No. 19636, 2003-Ohio-783, R.C. Chapter 3119 was

---

[3] For the same reason, *Short v. Short*, 2019-Ohio-5315, 150 N.E.3d 421 (11th Dist.), cited by father to support his claim that the prior version of R.C. Chapter 3119 should be applied in this case, is not pertinent. In *Short*, the appellate court, noting that appellant parent filed the motion to modify child support and the trial court issued the child support orders prior to March 28, 2019, concluded the prior version of R.C. Chapter 3119 should be applied because the amended version of R.C. Chapter 3119 was not in existence at the time the trial court calculated the child support. In contrast, here, the amended R.C. Chapter 3119 was in existence at the time the trial court determined mother's child support. Father also cites *Harbour v. Ridgeway*, 10th Dist. Franklin No. 04AP-350, 2005-Ohio-2643. There, appellee mother filed a parentage action in 1996. The case concerned the application of R.C. 3113.215, which prescribed a method of support calculation where the parents' combined income exceeded $150,000. The statute was repealed and replaced with R.C. 3119.04 in March 2001. Appellant father argued the trial court should have utilized R.C. 3119.04, the statute in existence at the time of the final hearing in 2002, rather than R.C. 3113.215, the statute in effect at the time of the filing of the parentage action. The appellate court disagreed, holding that R.C. 3119.04 "applies prospectively, only to parentage actions filed after its effective date, March 22, 2001." *Id.* at ¶ 17. We read *Harbour* as limited to parentage action. Furthermore, *Harbour* is distinguishable because the case does not concern a motion to modify child support.

enacted on March 22, 2001, after the magistrate's decision resolving appellant father's child support obligation but before the trial court issued its final decree of divorce. On appeal, the appellate court decided that the newly enacted R.C. Chapter 3119 should have applied to father's child support. On remand, the court reduced the father's child support pursuant to the provisions of R.C. Chapter 3119 for his support obligation and the reduced obligation was effective on March 22, 2001, the effective date of the new law.

{¶ 28} Appellant father again appealed, claiming the reduced child support should be effective on November 1, 2000, the date of his original child support order, rather than March 22, 2001. The appellate court rejected this claim. It reasoned that the provisions of the new law allowing appellant's support obligation to be reduced did not exist prior to March 22, 2001. The court noted that there was nothing in the statute to suggest that the Ohio legislature intended its provisions to apply to "child support obligations incurred" prior to its March 22, 2001, effective date, and, "'[a]bsent a clear pronouncement by the General Assembly that a statute is to be applied retrospectively, a statute may be applied prospectively only.'" *Posadny* at ¶ 8, quoting *State v. LaSalle*, 96 Ohio St.3d 178, 181, 2002-Ohio-4009, 772 N.E.2d 1172.

{¶ 29} The court in *Graham v. Graham*, 2020-Ohio-1435, 153 N.E.3d 843 (3d Dist.), decided the child support matter similarly. The case concerned the application of R.C. 3119.021 ("Basic child support schedule"), which was amended by H.B. 366, effective March 19, 2019. Appellant mother filed a motion to modify

child support in 2018, a hearing was held later that year, and a magistrate issued a decision in January 2019 based on the existing statute. The amended law went into effect before the trial court issued its final decision. Based on the amended statute, the trial court adjusted the child support amount owed by the father after March 28, 2019. On appeal, appellant mother argued the trial court erred by using the amended worksheet that went into effect on March 28, 2019, to calculate child support after that date.

{¶ 30} The appellate court affirmed the trial court's decision. It noted that "[t]o avoid having the statute apply retroactively, the trial court only applied the statutory calculation from the effective date of the statute." *Id.* at ¶ 14. It emphasized that the trial court "did not apply the amended statute retroactively, but only prospectively." *Id.* at ¶ 16.

{¶ 31} Based on our review of the case law authority, therefore, we find no merit to father's claim that because mother's motion to modify was filed before March 28, 2019, the effective date of amended R.C. Chapter 3119, it cannot be applied to mother's support obligation even after that effective date. We note that "'a court which obtains jurisdiction over and enters orders with regard to the custody and support of children retains continuing and exclusive jurisdiction over such matters.'" *State ex rel. Clermont Cty. Dept. of Human Servs. v. Walsson*, 108 Ohio App.3d 125, 128, 670 N.E.2d 287 (12th Dist.1995), quoting *Harlow by Wheeler v. Stevens*, 12th Dist. Preble No. CA94-03-004, 1994 Ohio App. LEXIS 3778 (Aug. 29, 1994). Here, the applicable child support provisions were amended after the motion

to modify support was filed but before the trial court considered the matter.  Because a portion of the ongoing child support obligation was incurred before the new provisions went into effect, the trial court properly recognized that the amended statute does not evince the legislature's intent for retrospective application and accordingly applied the amended provisions only to mother's child support obligations incurred after March 28, 2019, but not to her obligations incurred before that date.

{¶ 32} Father cites *Schulte v. Schulte*, 71 Ohio St.3d 41, 1994-Ohio-459, 641 N.E.2d 719, to support his claim.  *Schulte* concerns the application of R.C. 3105.171, which governs the division of marital property.  Appellant wife filed her complaint for divorce more than two and one-half years before the enactment of the statute.  She argued the statute should be applied retroactively to divorce cases filed before the effective date of the statute.  The court, citing R.C. 1.48 for the presumption that a statute is to be applied prospectively unless the General Assembly expressly makes the statute retroactive, held that R.C. 3105.171 applies retrospectively only to those divorce cases filed after its effective date.  *Id.* at 45.  *Schulte* concerns the division of marital property at the time of the divorce, and the new law was not in existence when the court divided the marital property.  In contrast, child support are ongoing obligations and, as in this case, some of the obligations were incurred before the amended law went into effect and some after.  Accordingly, *Shulte* has little application in this case.

{¶ 33} The trial court here did not apply the statute retroactively to mother's child support obligation incurred before the effective date of amended R.C. Chapter 3119. The amended statutory provisions only impacted her child support obligations after the effective date. The first assignment of error lacks merit.

**Father's Motion to Dismiss**

{¶ 34} Under the second assignment of error, father argues the trial court erred and abused its discretion by denying his motion to dismiss mother's motion to modify child support. He claims mother's motion to modify child support was an improper attempt to challenge the agency's findings and recommendations.

{¶ 35} "Although the usual rule is that the courts prefer the finality of judgments, child support cases are an exception to the rule of finality." *Phelps v. Saffian*, 8th Dist. Cuyahoga No. 103549, 2016-Ohio-5514, ¶ 11. "R.C. 3119.71 gives the court continuing jurisdiction to modify a child support order." *Id.*

> R.C. 3119.79(A) permits either the obligor or the obligee under a child support order to request a modification of the amount of child support due to a "substantial" change of circumstances. When an existing child support order has been entered using the R.C. 3119.02 mandatory child support guidelines, the court is required to recalculate the amount of child support owing under the guidelines. If the recalculated amount of child support exceeds the existing order by ten percent or is ten percent less than the existing order, the court shall consider the ten percent difference as a substantial change in circumstances warranting modification

*Id.* at ¶ 12, citing R.C. 3110.79. *See also Snyder v. Snyder*, 8th Dist. Cuyahoga No. 95421, 2011-Ohio-1372, ¶ 43.

{¶ 36} "'[T]he clear language of the statute provides that the mere fact that support calculated in accordance with the guidelines differs by more than 10% from the support currently ordered, by itself, is sufficient to trigger a recalculation.'" *Mossing-Landers v. Landers*, 2016-Ohio-7625, 73 N.E.3d 1060, ¶ 51 (2d Dist.), quoting *Smith v. Smith*, 2d Dist. Montgomery No. 16183, 1997 Ohio App. LEXIS 3430, 1997 WL 435697, *2 (July 25, 1997). *See also Frey v. Frey*, 3d Dist. Hancock No. 5-15-11, 2015-Ohio-4622, ¶ 9 (the requisite change in circumstances exists wherever the newly calculated child support amount deviates from the existing order by at least ten percent).

{¶ 37} Here, the magistrate found a modification of mother's existing child support order was warranted pursuant to the ten-percent rule. On appeal, father does not claim that mother's child support amounts under the applicable worksheets were erroneously calculated or the trial court misapplied the statutory ten percent rule set forth in R.C. 3119.79. Rather, under the second assignment of error, father argues the trial court erred in denying his motion to dismiss on two grounds. First, he asserts that his motion to dismiss should have been granted because mother failed to attach to her motion an affidavit setting forth specific facts regarding the change in circumstances with her motion to modify as required by Loc.R. 19.[4]

---

[4] Loc.R. 19(B) of Cuyahoga County Common Pleas Court, Domestic Relations Division, provides as follows:

{¶ 38} We note that father did not raise the issue of mother's compliance with Loc.R. 19 in his objections to the magistrate's decision; therefore, he waived this issue for purposes of appeal pursuant to Civ.R. 53(D)(3)(b)(iv). *Najjar v. Najjar*, 8th Dist. Cuyahoga No. 91789, 2009-Ohio-3880, ¶ 14; *Wilson v. Wilson*, 8th Dist. Cuyahoga No. 86817, 2006-Ohio-4261, ¶ 25-26 ("Civ.R. 53 imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision. * * * An appellate court need not consider an error that could have been objected to, but was not brought to the attention of the trial court.").

{¶ 39} Even if we were to review the issue, we find father's claim is without merit. Local rules are created with the purpose of "promoting the fair administration of justice" and to "assist practicing attorneys by providing guidelines for orderly case administration." *Cavalry Invests. v. Dzilinski*, 8th Dist. Cuyahoga No. 88769, 2007-Ohio-3767, ¶ 16. As such, trial courts are given latitude in

---

A motion, supported by a sworn affidavit that sets forth the specific facts constituting the alleged change of circumstance, must state the following:

(1) The date of journalization of the judgment entry that sets forth the existing child support order.

(2) The amount of the existing order, the parent(s) designated as the health insurance obligor for the parties' minor child(ren), the parent(s) designated to claim the child(ren) as a tax dependent(s); and each parent's percentage share of responsibility for the child(ren)'s uninsured health care expenses.

(3) The nature of the change of circumstance.

(4) The specific change or modification requested.

following their own local rules and the enforcement of these rules is within the sound discretion of the court. *In re T.W.*, 8th Dist. Cuyahoga Nos. 88360 and 88424, 2007-Ohio-1441, ¶ 39. Here, mother, proceeding pro se at the time she filed the motion to modify, attached an affidavit to the motion. While the affidavit admittedly did not comply with the specific requirements of Loc.R. 19, the trial court acted within its discretion in not dismissing mother's pro se motion due its noncompliance with its own local rule.

**{¶ 40}** Second, father claims under the second assignment of error that mother's motion to modify her child support amount was an improper attempt to challenge the agency's findings and recommendations and, as such, should be barred by res judicata.

**{¶ 41}** Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. It is important to note that, however, because a domestic relations court has continuing jurisdiction over matters of child support, the doctrine of res judicata should be applied "with the strictest of caution in order to prevent a chilling effect on Ohio's legal mechanisms for periodic adjustments to child support orders." *Kiehborth v. Kiehborth*, 169 Ohio App.3d 308, 2006-Ohio-5529, 862 N.E.2d 863, ¶ 15 (5th Dist.). Under the circumstances of this case, where mother testified she was not aware of the agency's review of her child support obligation or the availability a hearing of the

agency's recommendations due to the hospitalization of her other child, we do not find the trial court abused its discretion in allowing the mother to file a motion to modify child support and the parents to submit evidence regarding their income and expenses, and determining accordingly the proper child support amount.[5]  The second assignment of error is overruled.

{¶ 42} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

---

[5] Father cites *In re Rummel*, 194 Ohio App.3d 22, 2011-Ohio-2748, 954 N.E.2d 207 (10th Dist.), to support his claim.  In *Rummel*, the child had been emancipated and the case concerned the support arrearage liquidation rate only.  A year after the trial court adopted the agency's recommendation regarding the liquidation rate, the child's father filed a motion to modify, claiming the rate exceeded the amount permitted by the Consumer Credit Protection Act.  The appellate court agreed with the trial court that res judicata prevented the father from raising a new issue to contest the liquidation rate. Furthermore, res judicata was not dispositive of the appeal because the appellate court found the father's claim pursuant to the federal statute meritless notwithstanding res judicata.  *Rummel* is distinguishable.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR