[Cite as *Patron v. Patron*, 2015-Ohio-5404.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| SHERI R. PATRON | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2015 CA 00088 |
| JAMES R. PATRON, JR. | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2010 DR 00378

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 21, 2015

APPEARANCES:

For Plaintiff-Appellee

RAYMOND T. BULES
MILLS, MILLS, FIELY and LUCAS
101 Central Plaza South
200 Chase Tower
Canton, Ohio 44702

For Defendant-Appellant

CORRINE HOOVER SIX
HOOVER SIX & ASSOCIATES
527 Portage Trail
Cuyahoga Falls, Ohio 44221

*Wise, J.*

{¶1}    Appellant Sheri R. Patron appeals the decision of the Stark County Court of Common Pleas, which *inter alia* denied her post-decree motion to reallocate parental rights and responsibilities regarding her minor son. Appellee James R. Patron, Jr. is the former spouse and the son's father. The relevant facts leading to this appeal are as follows:

{¶2}    Appellant Sheri and Appellee James were formerly married and are the parents of a son, A.P., born in 2010. Appellant filed for divorce in Stark County on March 24, 2010. The trial court granted a divorce on February 18, 2011. The decree incorporated a shared parenting plan for A.P.

{¶3}    On April 25, 2012, following post-decree litigation, the trial court terminated the shared parenting plan via a settlement agreement. Appellee James was named the residential parent of A.P., and Appellant Sheri was granted companionship time.

{¶4}    Additional post-decree litigation took place thereafter; however, appellee remained the residential parent.

{¶5}    On January 24, 2014, appellant filed a motion to modify parental rights and responsibilities. Appellee responded with a motion to modify appellant's parenting time on March 5, 2014. Appellee also filed motions to show cause on May 5, 2014 and September 19, 2014.

{¶6}    These matters proceeded to an evidentiary hearing on February 23, 2015. Appellant proceeded *pro se* at said hearing.

{¶7}    On April 8, 2015, the trial court issued a nineteen-page judgment entry regarding the aforesaid motions. In essence, the court ruled that appellant had failed to

demonstrate a change in circumstances for purposes of modification of parental rights and responsibilities, found appellant in contempt of court, and inter alia awarded appellee attorney fees of $9,500.00. In addition, the court decreased appellant's parenting time (*i.e.*, visitation), as further detailed *infra.*

{¶8} Appellant filed a notice of appeal on May 7, 2015. She herein raises the three Assignments of Error:

{¶9} "I. THE DECISION OF THE TRIAL COURT FINDING THAT THERE WAS NO CHANGE IN CIRCUMSTANCES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BASED ON CASE LAW.

{¶10} "II. THE DECISION OF THE TRIAL COURT IN DETERMINING THAT PLAINTIFF'S MOTION WAS FRIVOLOUS AND AWARDING SANCTIONS OF $9500 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND RELEVANT CASE LAW.

{¶11} "III. THE DECISION OF THE MODIFICATION OF THE PARENTING TIME BY TRIAL COURT IS NOT IN THE BEST INTEREST OF THE MINOR CHILD AND IS AGAINST THE RECOMMENDATION OF THE GAL."

I.

{¶12} In her First Assignment of Error, Appellant Sheri challenges the trial court's finding of no change in circumstances for purposes of her request to reallocate parental rights and responsibilities.

{¶13} Our standard of review in assessing the disposition of child custody matters is that of abuse of discretion. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 73–74. In order to find an abuse of that discretion, we must determine the trial court's decision was

unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Furthermore, as an appellate court reviewing evidence in custody matters, we do not function as fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. *See Dinger v. Dinger,* 5th Dist. Stark No. 2001CA00039, 2001–Ohio–1386.

{¶14} R.C. 3109.04(E)(1)(a) reads in pertinent part as follows: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. * * *."

{¶15} Thus, a trial court will not have to reach the best interest analysis if a change of circumstances is not found. *Kenney v. Kenney*, 12th Dist. Warren No. CA2003–07–078, 2004–Ohio–3912, ¶ 29. We note R.C. 3109.04 itself does not define the concept of "change in circumstances." Ohio courts have held that the phrase is intended to denote "an event, occurrence, or situation which has a material and adverse effect upon a child." *Rohrbaugh v. Rohrbaugh* (2000), 136 Ohio App.3d 599, 604–605, 737 N.E.2d 551, citing *Wyss v. Wyss* (1982), 3 Ohio App.3d 412, 416, 445 N.E.2d 1153.

**{¶16}**  In the case sub judice, the trial court heard the evidence and found appellant had failed to demonstrate a change in circumstances under R.C. 3109.04(E)(1)(a), *supra.* *See* Judgment Entry, April 8, 2015, at 5-7. The trial court nonetheless proceeded, in the alternative, to address the issue of best interest, ultimately ruling against a change in residential parent status. *See id.* at 7-10. Appellant herein presents no argument as to the alternative best interest analysis by the trial court.[1]  We note that in a bench trial, a trial court judge is presumed to know the applicable law and apply it accordingly. *Walczak v. Walczak,* Stark App.No. 2003CA00298, 2004–Ohio–3370, ¶ 22, citing *State v. Eley* (1996), 77 Ohio St.3d 174, 180–181, 672 N.E.2d 640. However, even though we may invoke this presumption concerning the court's determination of best interests in this instance, we will at least summarize that the thrust of appellant's "change in circumstances" allegation was that appellee had been neglecting A.P.'s medical needs and failing to communicate with her about the child's general needs and activities. At the evidentiary hearing, in addition to the parties themselves, the trial court heard testimony from two psychologists, Dr. Robin Tener and Dr. Patricia Millsaps-Linger, an ophthalmologist, Dr. Elbert Magoon, and the guardian ad litem, Attorney Robert Abney. As the trial court recognized, none of these four professionals supported appellant's accusations of A.P. being medically neglected. *See* Judgment Entry at 5-6. In fact, Dr. Tener opined that appellant is "so hyper-vigilant about medical concerns that *** [she] seems to believe that they exist even when they don't." Tr. at 62. Dr. Tener further noted her conclusion that appellee had not been failing to respond to the child's medical needs;

---

[1]  As we read appellant's third assigned error, she challenges the issue of best interests as to visitation only.

instead, he "had not responded the way that [appellant] would want him to respond." Tr. at 14. The GAL, Attorney Abney, agreed with the entirety of Dr. Tener's conclusions. Tr. at 82. Appellant's additional suggestion of "failure to thrive" was shown to be unfounded. *See* Tr. at 19. Furthermore, the trial court aptly recognized that the communication problems between appellant and appellee had been ongoing throughout the case. *See* Judgment Entry at 5-6.

{¶17} Accordingly, upon review of the record, we find no abuse of discretion in the trial court's determination that a change in circumstances was lacking for purposes of R.C. 3109.04(E)(1)(a). *Rohrbaugh*, *supra*.

{¶18} Appellant's First Assignment of Error is overruled.

II.

{¶19} In her Second Assignment of Error, appellant contends the trial court's award of attorney fees to appellee was against the manifest weight of the evidence. We disagree.

{¶20} We first note appellant's arguments might suggest the fees in question were solely a "sanction" for frivolous conduct under R.C. 2323.51, although admittedly no statute is mentioned in her assigned error. However, the trial court clearly based its decision instead on R.C. 3105.73(B). *See* Judgment Entry at 15. This statute states as follows: "In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties,

and any other relevant factors the court deems appropriate, but it may not consider the parties' assets."

**{¶21}** Having heard testimony on the reasonableness of the fees by witness Wendy Rockenfelder, an experienced family law attorney from Stark County, the trial court made the following extensive findings on the issue of attorney fees:

The Court does find Mother's motion for reallocation of parental rights and responsibilities to be frivolous. As noted above, Mother did not present enough evidence to reach even the threshold finding of a change of circumstances in the life of A.P. or Father. In her affidavit to support her motion for change of custody, she cited Father's refusal to get psychological evaluations as one of the reasons for her motion. At different times during the progression of the case, the Court heard that was the sole reason this motion was filed; and, had Father agreed to voluntarily submit to psychologicals, Mother would not have filed the motion. However, when the psychologicals were ordered, Mother failed to answer a substantial number of the test questions. When the report was released and was highly detrimental to Mother's chance of prevailing, she insisted on going forward against the advice of her attorney. She preceded (sic) *pro* se after he withdrew, forcing Father to incur the expense of defending himself. Revised Code 3105.73(B) provides that in any post decree motion or proceeding, the Court may award all or part of reasonable attorney fees and litigation expenses to either party if the Court finds the award equitable. In determining whether the award is equitable, the Court may consider the

parties' income, conduct of the parties, and any other relevant factors it deems appropriate, but it may not consider the parties assets. Based on the last child support guidelines worksheet, the parties' incomes are close to being the same, between $50-$55,000 each. Given the lack of substance in her case, the Court finds Mother's conduct in proceeding with this action egregious. She failed to meet even the threshold requirement of proving a change in circumstances. The Court finds that it would be equitable to award attorney fees from Mother to Father in the amount of $9,500. This reimburses him for defending a claim without merit.

**{¶22}** Tr. at 14-15.

**{¶23}** An award of attorney's fees lies within the sound discretion of the trial court. *Rand v. Rand* (1985), 18 Ohio St.3d 356, 481 N.E.2d 609. "Because a court addresses an award of attorney fees through equitable considerations, a trial court properly can consider the entire spectrum of a party's actions, so long as those actions impinge upon the course of the litigation." *Padgett v. Padgett*, 10th Dist. Franklin No. 08AP-269, 2008-Ohio-6815, ¶ 17. In the entirety of the divorce case *sub judice*, the issue of parental rights and responsibilities came before the trial court four times in the first five years of the child's life, although we recognize one of the motions to modify was initiated by appellee. Upon review, we do not find the trial court's decision as to attorney fees to be unreasonable, arbitrary or unconscionable. *Blakemore, supra.*

**{¶24}** Accordingly, appellant's Second Assignment of Error is overruled.

III.

**{¶25}** In her Third Assignment of Error, appellant challenges the trial court's decrease in her parenting time (*i.e.*, visitation) with A.P.

**{¶26}** Decisions on visitation lie within the trial court's sound discretion. *Day v. Day*, 5th Dist. Ashland No. 04 COA 74, 2005–Ohio–4343, ¶ 28 (additional citations omitted). The trial court's discretion must be exercised in a manner which best protects the interests of the child. *See In re: Whaley* (1993), 86 Ohio App.3d 304, 317, additional citations omitted.

**{¶27}** In essence, the trial court decided that appellant would get parenting time on alternating weekends from Friday after school until the Monday morning start of school, or until Tuesday morning, in the event Monday is a holiday. Also, appellant's midweek parenting time was discontinued during the school year, to resume in the summer months. *See* Judgment Entry at 12, 16. It should be noted that because of the difficult nature of the parties' relationship, the trial court had previously taken the extraordinary measure of requiring all physical exchanges of A.P. to occur at the Stark County Family Court, with the availability of Stark County sheriff deputies. It appears a key factor in the trial court's decision regarding visitation in the judgment entry under appeal was the logistical issue of the in-courthouse exchanges presented by A.P. starting school in the fall, even though the GAL indicated he was amenable to the option of commencing exchanges at the child's school. Tr. at 81.

**{¶28}** Under the facts and circumstances presented, we hold the trial court did not abuse its discretion or commit reversible error in amending its visitation schedule. Appellant's Third Assignment of Error is overruled.

{¶29} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/d 1120