[Cite as *Boyden v. Boyden*, 2025-Ohio-158.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOEL M. BOYDEN | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 24 CAF040026 |
| | : | |
| SHERYL M. BOYDEN | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court
                             of Common Pleas, Case No.
                             07DRA080355



JUDGMENT:                    Affirmed



DATE OF JUDGMENT ENTRY:      January 22, 2025



APPEARANCES:

For Plaintiff-Appellant:                For Defendant-Appellee:

Anthony W. Greco                        Kelly Wick
Joseph S. Jeziorowski                   400 S. 5th St., Suite 200
4945 Bradenton Ave., Suite 100         Columbus, Ohio 43215
Dublin, Ohio 43017

*Delaney, P.J.*

{¶1} Defendant-Appellant Joel M. Boyden has appealed the March 25, 2024, Judgment Entry of the Delaware County Court of Common Pleas. Plaintiff-Appellee is Sheryl M. Boyden.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Joel M. Boyden ("Father") and Sheryl M. Boyden ("Mother") were married and had one child. They were divorced on October 26, 2011. They were granted shared parenting of their minor child pursuant to their Joint Shared Parenting Plan.

{¶3} The Shared Parenting Plan was modified in 2013 but remained unchanged until January 19, 2022, when Father filed Plaintiff's Motion to Modify the Parties' Shared Parenting Plan. He requested the modification due to a change in his work schedule that he claimed interfered with the current schedule. At the time of filing, their child was 16 years old.

{¶4} On April 26, 2022, Mother filed Defendant's Motion to Dismiss Plaintiff's Motion to Modify Parties' Shared Parenting Plan and Request for Award of Attorney Fees. The magistrate denied the motion to dismiss but preserved Mother's request for attorney fees for trial. In her motion, Mother was seeking $5,000 in attorney fees. In her pretrial statement, that number increased to $10,000. At trial, Mother asked for $27,977.50 in fees.

{¶5} On October 24, 2022, the Guardian Ad Litem issued a report in which she recommended there be no change in the current Shared Parenting Plan. Father dismissed his motion for modification on October 27, 2022. The magistrate accepted his

dismissal but ordered that Mother's request for attorney fees remained set for trial on October 31, 2022.

{¶6} The matter proceeded to trial. Mother testified to an exhibit she was given on the witness stand marked Exhibit A. She testified that it was her billing statements and the summary of her deposits into a trust ledger. She acknowledged that, to date, she had paid $27,977.50. That amount did not include an invoice for the month of October. Father objected to the exhibit and said it had not previously been provided to him.

{¶7} The Guardian ad Litem testified next. She testified regarding the fees in this case, including her hourly rate. In addition, she was asked about Exhibit A. The magistrate allowed her to answer questions as to the reasonableness of Mother's attorney fees. She stated that the hourly rate was reasonable. When asked, based on her familiarity with the case including emails, pleadings, hearings, etc., whether the amount of fees paid was reasonable, she stated she had not reviewed the entire document but that if "it's the number of hours worked times 350, then yes."

{¶8} Father did not cross examine either witness on the specifics of the exhibit. He did not testify or provide any evidence. The exhibit documenting Mother's attorney fees was admitted into evidence over Father's objections. On December 9, 2022, the magistrate issued a Magistrate Decision Defendant's Motion for Attorney Fees and awarded Mother $8,120 in attorney fees.

{¶9} In the decision, the magistrate looked to Rule 1.5(a) of the Ohio Rules of Professional Conduct to guide in crafting an appropriate amount to award. Using those criteria in part, the magistrate stated that the court may consider the disparity between the parties' income when awarding attorney fees. At trial, neither party provided testimony

regarding their respective incomes. The magistrate took judicial notice of Father's income from his Affidavit of Basic Information, Income, and Expenses filed on April 27, 2022. She then took Mother's income from Mother's pretrial statement which was not sworn to and not signed.

{¶10} The magistrate then reviewed the invoices presented by Mother's Counsel. She reduced the total amount because the issue of modifying parenting time was not novel or difficult and did not require advanced skill or knowledge. She concluded:

> The Court has reviewed the invoices submitted and, having considered the totality of the circumstances, including billed services that appeared unrelated upon the limited issue upon which fees should be awarded, as well as "repetitive" or "clerical" services, it would be equitable to award [Mother] attorney fees in the reasonable amount of $8,120.00, which would include a reasonable time spent for trial on October 31, 2022.

{¶11} On December 22, 2022, Father filed Initial Objections to the Magistrate's decision. He claimed that the award of attorney fees was in error for four reasons. First, he argued that the magistrate relied solely on the disparity in the parties' incomes as a basis for awarding the fees when there was no evidence produced at trial as to their incomes. Second, he claimed that the Guardian ad Litem was an undisclosed witness and that no expert report had been generated or exchanged in accordance with local rules for the domestic relations court and the Ohio Civil Rules. Third, he argued that the magistrate erred in admitting the attorney fee invoices because they had not been provided prior to trial. And fourth, he maintained that the attorney fee invoices contained impermissible "block billing" entries. Father subsequently filed Supplemental Objections in support of his first three objections.

{¶12} The court conducted an independent review of the facts and conclusions contained in the magistrate's decision. The court determined that the magistrate did not

err by awarding attorney fees and found that the decision was supported by sufficient credible evidence. The court did, however, sustain Father's objection regarding the reliance on disparity of the parties' income as a basis for awarding reasonable fees. Specifically, the court held that Father's income could be properly considered because the amount was set forth in an affidavit, but Mother's could not because it appeared only in a pretrial statement and was not evidence. Despite this, the court found this to be harmless error because the magistrate considered other factors "and this court does not find the award of attorney fees to be unreasonable and unsupported by sufficient credible evidence after taking an independent review in this matter." The court therefore sustained Father's objections in part and rejected them in part. The court granted Mother's request for attorney fees and ordered Father to reimburse Mother for $8,120. Father has appealed that order. In his brief, he raised only the first objection to the magistrate's decision that the award was in error because there was no evidence to base it on income disparity.

## ASSIGNMENT OF ERROR

{¶13} THE TRIAL COURT BOTH ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE MATERIAL PREJUDICE OF PLAINTIFF-APPELLANT IN AWARDING $8,120 IN ATTORNEY'S FEES TO DEFENDANT-APPELLEE.

## ANALYSIS

{¶14} In his sole assignment of error, Father has argued that the trial court incorrectly awarded attorney fees because it erred as a matter of law by applying the same factors to determine the reasonableness of the fees to whether it was equitable to

award fees. He has also argued that the court abused its discretion because there was no competent credible evidence provided at trial to determine that the award was equitable.

{¶15} A court has discretion to award attorney fees in any post decree motion or proceeding that arises out of an action for divorce. R.C. 3105.73(B); *Baker-Chaney v. Chaney*, 2017-Ohio-5548, ¶ 45 (5th Dist.). R.C. 3105.73(B) states:

> In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

This decision lies within the sound discretion of the trial court and the award will not be overturned absent an abuse of discretion. *Id.*; *Roubanes v. Roubanes, 2014-Ohio-5163* (10th Dist.).

{¶16} The first consideration in awarding attorney fees pursuant to R.C. 3105.73(B) is whether the court finds the award is equitable. *Lykins v. Lykins,* 2023-Ohio-4469 (12th Dist.). When determining if awarding fees would be equitable, the court may consider the parties' income, their conduct, and any other relevant factors. R.C. 3105.73(B). Because the award is based on equitable considerations, the court properly may consider "the entire spectrum of a party's actions, so long as those actions impinge upon the course of the litigation." (Citation omitted.) *Patron v. Patron,* 2015-Ohio-5404, ¶ 23 (5th Dist.).

{¶17} After having determined that the award is equitable, the court must then determine an amount that is reasonable. R.C. 3105.73(B); *Hoover v. Kacyon, LLC v.*

*Martell*, 2018-Ohio-4928, ¶ 65 (5th Dist.). Whether the fees are reasonable is based on the time spent on the matter and the hourly rate. *Martell v. Martell,* 2018-Ohio-4927 (5th Dist.).

{¶18} In this case, Father has argued that the magistrate took factors meant to determine if the amount was reasonable and improperly applied them to determine if the award was equitable. He has claimed that there was no evidence that the award was equitable. In support of his arguments, he reiterates that the magistrate could not have considered the disparity of the parties' incomes because there was no evidence of Mother's income. The trial court agreed with him. The trial court then held it to be harmless error because the magistrate took into consideration that the motion did not require advanced skill or knowledge to perform legal services, and that the magistrate reviewed the billing statements and "the totality of the circumstances."

{¶19} Defendant has argued that these considerations would go to determining the reasonableness of the fees. The billing statements, however, could reflect the amount of work that was required to defend the motion and turn into an equitable consideration. From this, the court could conclude that the disparity in income was not the sole factor on which the magistrate relied.

{¶20} It is important to point out that the trial court performed its own "independent review in this matter." It recognized that Father filed the motion to modify and that Mother filed a responsive motion based on the Father's failure to seek mediation pursuant to the Shared Parenting Plan. It further noted that Father dismissed his motion to modify after receiving the Guardian ad Litem's report recommending no modification of parental time and after Mother "spent a significant amount of time opposing" Father's motion. The court

determined that Father chose to voluntarily dismiss the motion right before trial and this "caused [Mother] to incur significant attorney fees in defending against a motion which [Father] determined at the last moment he should dismiss."

{¶21} The court's own record reflected considerations for the award of attorney fees when taken together with dismissal of the motion prior to trial, including Father's multiple requests for continuances prior to trial. In defending the motion, Mother was required to file responses and respond to discovery requests. Further, the Guardian ad Litem's report found that the current parenting schedule was meeting the needs of the parents and the child. She commented on the willingness of Mother and the child to accommodate Father's work schedule and that any necessitated changes to the parenting schedule were few. These factors were relevant and appropriate for the court to consider in the totality of the circumstances.

{¶22} Given the record before us, we conclude that the trial court did not err as matter of law or abuse its discretion in awarding Mother attorney fees. Father's assignment of error is without merit.

## CONCLUSION

{¶23} The judgment of the Delaware County Court of Common Pleas is affirmed.


By: Delaney, P.J.,

Gwin, J. and

Hoffman, J. concur.