[Cite as *Katagum v. Katagum*, 2016-Ohio-719.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Daudu Katagum, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-707 |
| v. | : | (C.P.C. No. 14JU09-12165) |
| Karla Katagum, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 25, 2016

**On brief:** *Daudu Katagum*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch.

KLATT, J.

{¶ 1} Plaintiff-appellant, Daudu Katagum, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which determined the amount of his monthly child support obligation. For the following reasons, we affirm that judgment.

{¶ 2} Katagum is the father of a son born on August 17, 2001 and a daughter born on March 15, 2003. Katagum and the children's mother, defendant-appellee, Karla Katagum, are divorced.

{¶ 3} On September 15, 2014, the Franklin County Child Support Enforcement Agency ("FCCSEA") issued an administrative order that set Katagum's monthly child support obligation at $386.73 per month, plus a two percent processing charge, for a total of $394.46 per month. The FCCSEA calculated this amount using the basic child support schedule and applicable worksheet.

{¶ 4} Katagum requested a court hearing regarding the amount of child support owed. During a hearing before a magistrate, Katagum testified that he had been paying for many of the children's expenses and caring for the children most days. Karla Katagum did not appear at the hearing.

{¶ 5} In her March 9, 2015 decision, the magistrate calculated the guideline child support amount at $427.46 per month. However, the magistrate found that amount unwarranted given Katagum's extended parenting time. Accordingly, the magistrate deviated downward from the guideline amount and ordered Katagum to pay (1) $286.40 per month in child support (plus a processing charge) when private health insurance is in effect or (2) $286.40 per month in child support and $76.06 per month in cash medical support (plus a processing charge) when private insurance is not in effect. The trial court immediately adopted the magistrate's decision and made it the court's judgment.

{¶ 6} Katagum objected to the magistrate's decision. Essentially, Katagum argued that paying the amount of child support ordered caused him financial hardship. In a judgment entered July 6, 2015, the trial court denied Katagum's objection.

{¶ 7} Katagum now appeals the July 6, 2015 judgment, and he assigns the following error:

> I was mistakenly considered a non-residential parent during
> our last child support hearing.

{¶ 8} At first glance, Katagum's assignment of error does not appear to correspond with his appellate argument. On appeal, Katagum simply repeats the argument he made before the trial court: he pays for many of the children's expenses, so the amount of his monthly child support payments should be less. Reading the assignment of error expansively, we interpret it as asserting that the trial court erred in not further reducing his child support in recognition of the large amount of caretaking he provides for the children.

{¶ 9} Appellate courts review child support orders for an abuse of discretion. *Morrow v. Becker*, 138 Ohio St.3d 11, 2013-Ohio-4542, ¶ 13. Under the abuse-of-discretion standard, an appellate court will reverse a decision of the lower court only if that decision is unreasonable, arbitrary, or unconscionable. *Id.*

{¶ 10} Katagum includes in his appellate brief both facts and documents that he failed to present in the trial court. We cannot consider that material. Appellate court review is limited to the record as it existed at the time that the trial court rendered its judgment. *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 13. " 'A reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13, quoting *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus.

{¶ 11} After reviewing all the material in the trial court record, we conclude that the trial court's judgment is neither unreasonable, arbitrary, nor unconscionable. Accordingly, we overrule Katagum's sole assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

TYACK and BRUNNER, JJ., concur.

———————————