[Cite as *Hagar v. Sabry*, 2018-Ohio-4230.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

ABIR H. HAGAR                          :
                                       :
          Plaintiff-Appellee           :     Appellate Case No. 27967
                                       :
v.                                     :     Trial Court Case No. 2016-DR-0733
                                       :
ABDELWAHED SABRY                       :     (Domestic Relations Appeal)
                                       :
          Defendant-Appellant          :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of October, 2018.

. . . . . . . . . . .

ABIR H. HAGAR, 1031 Beryl Trail, Centerville, Ohio 45459
          Plaintiff-Appellee, Pro Se

DAVID P. MESAROS, Atty. Reg. No. 0012725 and ADAM R. MESAROS, Atty. Reg. No.
0089828, 7051 Clyo Road, Centerville, Ohio 45459
          Attorneys for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Abdelwahed Sabry appeals from a judgment of the

Montgomery County Court of Common Pleas, Domestic Relations Division, awarding spousal and child support to his former spouse, Abir Hagar. Sabry contends that the award of spousal support was not appropriate and reasonable under R.C. 3105.18(C)(1). He further contends that the trial court erred in its calculation of child support.

{¶ 2} We conclude that the trial court properly considered the factors listed in R.C. 3105.18(C)(1) in relation to the facts of this case and did not abuse its discretion in finding that an award of spousal support in the amount of $2,975 per month was appropriate and reasonable. However, the trial court failed to include the spousal support paid to Hagar in calculating the amount of child support. Consequently, the judgment of the trial court is reversed with respect to child support and is remanded to the trial court for recalculation of child support. The judgment of the trial court is affirmed in all other respects.

## I. Facts and Procedural History

{¶ 3} The parties were married in 1997 and have five children as a result of their union, four of whom are minors. In August 2016, Hagar, acting pro se, filed a complaint for divorce. Sabry, also acting pro se, filed an answer. In August 2017, the trial court issued an order in which it was noted that the parties were not represented by counsel and were unable to reach a settlement agreement. The order required both parties to contact "the Dayton Volunteer Lawyer's Project legal clinic and legal class for self-represented persons." Dkt. No. 40.

{¶ 4} A hearing was conducted on October 10, 2017. At that time, neither party had complied with the August 2017 order, neither party had retained counsel, and no discovery had been conducted. Both parties were permitted to present testimony and to

cross-examine each other. Spousal support and child support were the sole issues before the court.

{¶ 5} Following the hearing, the trial court awarded spousal support of $2,975 per month to Hagar for a period of ten years. The trial court also awarded Hagar child support in the amount of $193 per month per child.

{¶ 6} Sabry appeals.[1]

## II. Spousal Support was Appropriate and Reasonable

{¶ 7} Sabry's first assignment of error states as follows:

THE TRIAL COURT ABUSED ITS DISCRETION AND ARBITRARILY CALCULATED A SPOUSAL SUPPORT OBLIGATION FOR APPELLANT/HUSBAND.

{¶ 8} Sabry contends that the amount of spousal support awarded to Hagar was not supported by the record. He argues that the trial court abused its discretion by basing its decision solely upon the income of the parties and failing to consider any other factors. He further claims that the trial court erred by ignoring his testimony regarding his income.

{¶ 9} We begin with the claim that the trial court failed to consider the appropriate statutory factors in determining spousal support. R.C. 3105.18 allows the court to award "appropriate and reasonable" spousal support. In determining whether spousal support is appropriate and reasonable, the court must consider the following factors set forth in

---

[1] During oral argument, Hagar asked this court to conduct an investigation into Sabry's business and to accept documents gathered since the trial court proceedings. We note, and so informed Hagar, that this court cannot accept any new evidence as we are limited to a consideration of the proceedings that occurred before the trial court.

R.C. 3105.18(C)(1):

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 10} The court has broad discretion to determine the amount and the duration of spousal support. *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990). An abuse of discretion occurs where a trial court's decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} The trial court, consistent with Hagar's testimony that she had worked in the past earning minimum wage, considered her earning ability and imputed minimum wage income to her. The court also considered the fact that Sabry was part-owner of an ongoing business and that he had income from that business. The trial court also specifically noted the twenty-year duration of the marriage. Although the trial court did not mention any of the other statutory factors, we note that the parties did not provide testimony or evidence implicating those factors. Further, as a general rule, without affirmative evidence in the record indicating otherwise, we presume regularity in trial court proceedings. *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 19. Thus, we conclude that Sabry's claim that the court failed to consider the appropriate statutory factors lacks merit.

{¶ 12} Sabry also faults the trial court for not explaining why it chose to "ignore" his testimony regarding his income. As noted above, the court did not ignore the proffered

testimony, but rather chose not to credit it. Hagar testified that Sabry earned approximately $300,000 per year. Sabry testified that he received a salary of $450 per month and that, at the end of the year, he received a draw of approximately $12,000, for a total annual income of $35,400.[2]

{¶ 13} Resolution of the conflicting evidence was a matter for the trial court, which was in the best position to evaluate the evidence and assess the credibility of witnesses. *Greene v. Greene*, 2d Dist. Montgomery No. 12051, 1990 WL 107857, * 3 (July 23, 1990). Further, a trial court was not required to explain why it weighed some factors or testimony more heavily than others, and an appellate court should not second-guess a trial court's factual determination unless there has been an abuse of discretion. *Aldo v. Angle*, 2d Dist. Clark No. 09-CA-103, 2010-Ohio-2008, ¶ 33, citing *Rock v. Cabral*, (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218 (1993).

{¶ 14} We cannot say that the trial court abused its discretion in determining that Sabry's income was greater than his testimony indicated. First, as specifically noted by the court, Sabry testified that he was already paying support to Hagar in an amount larger than that ordered by the court. Further, there was no support for his claim that he was incurring credit card debt in order to make such payments. Also, Sabry testified that he had recently taken a trip to Egypt, and that he agreed to pay for his son's college expenses. Finally, Sabry was awarded all rights to his interest in the business he partially owned.

{¶ 15} Our review of the record demonstrates that there was competent, credible

---

[2] Neither party produced documentation regarding Sabry's income.

evidence supporting the trial court's decision regarding spousal support. Accordingly, the first assignment of error is overruled.

### III. Child Support Improperly Calculated

{¶ 16} Sabry's second assignment of error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION AND ARBITRARILY CALCULATED A CHILD SUPPORT OBLIGATION FOR APPELLANT/HUSBAND.

{¶ 17} Sabry contends that the trial court erred in calculating child support. In support, Sabry argues that the trial court failed to properly shift the amount of the annual spousal support award from his income to Hagar's income.

{¶ 18} The Ohio Revised Code contains a basic child support schedule as well as a child support computation worksheet to be used when calculating the amount of child support to be paid pursuant to a child support order. R.C. 3119.021 and R.C. 3119.022. The basic child support schedule and computation worksheet apply when the parents' combined gross income is between $6,600 and $150,000 per year. The amounts set forth in the guidelines and the worksheet are "rebuttably presumed to be the correct amount of child support, although the court may deviate from that amount." *Gentile v. Gentile*, 8th Dist. Cuyahoga No. 97971, 2013-Ohio-1338, ¶ 49, citing R.C. 3119.03.

{¶ 19} "The starting point [for calculating child support] is parental income: either gross income (for those employed to full capacity) or gross income plus potential income (for those not employed to full capacity)." *Morrow v. Becker*, 138 Ohio St.3d 11, 2013-Ohio-4542, 3 N.E.3d 144, ¶ 11, citing R.C. 3119.01(C)(5). "Gross income" is defined as

"the total of all earned and unearned income from all sources during a calendar year," including "spousal support actually received." R.C. 3119.01(C)(7). By including spousal support payments, "the General Assembly has codified the common sense notion that in determining the relative income of the parents, spousal support paid from one parent to the other should be included in the obligee's income, and excluded from the obligor's income." *Posadny v. Posadny,* 2d Dist. Montgomery No. 18906, 2002 WL 253645, * 5. Thus, the failure to include spousal support payments on the worksheet constitutes an error of law. *Id.* *Accord Wolf-Sabatino v. Sabatino*, 10th Dist. Franklin No. 12AP-1042, 2014-Ohio-1252, ¶ 26.

**{¶ 20}** A review of the record demonstrates that the trial court failed to account for the spousal support award on the child support worksheet. Thus, we conclude that the trial court erred, as a matter of law, in calculating child support. Accordingly, the second assignment of error is sustained.

## IV. Conclusion

**{¶ 21}** The first assignment of error is overruled and the second assignment of error is sustained. The judgment of the trial court is affirmed regarding spousal support and is reversed regarding child support; the matter is remanded to the trial court for further proceedings regarding the child support calculation.

. . . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies sent to:

Abir H. Hagar
David P. Mesaros
Adam R. Mesaros
Hon. Denise L. Cross