[Cite as *In re Marriage of Krejci*, 2024-Ohio-1529.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| IN RE: THE MARRIAGE OF | **CASE NO. 2023-A-0054** |
| MICHAEL KREJCI, | |
| Appellant, | Civil Appeal from the Court of Common Pleas |
| - and - | |
| KATHERINE KREJCI, | Trial Court No. 2012 DR 00075 |
| Appellee. | |

## O P I N I O N

Decided: April 22, 2024
Judgment: Affirmed

*Kenneth J. Cahill*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Appellant).

*Laura M. Wellen*, Wellen Law Firm, LLC, 19885 Detroit Avenue, Suite 259, Rocky River, OH 44116 (For Appellee).

MATT LYNCH, J.

{¶1} Plaintiff-appellant, Michael Krejci, appeals the judgment of the Ashtabula County Court of Common Pleas, for failing to enter an award of attorney fees and order to pay child support against defendant-appellee, Katherine Krejci n.k.a. Jameson. For the following reasons, we affirm the decision of the court below.

{¶2} On May 15, 2012, the parties were granted a dissolution of their marriage. Jameson was pregnant at the time of the dissolution. A daughter was born to the parties on July 28, 2012.

{¶3} On August 30, 2013, the parties entered into a Shared Parenting Plan. Under the Plan, Krejci was ordered to pay child support to Jameson.

{¶4} On March 1, 2020, a Modified Support Order went into effect whereby Krejci was ordered to pay $495.89 per month as determined by the Guideline Worksheet.

{¶5} On June 9, 2020, Krejci filed an Objection to Administrative Support Order on the grounds that Jameson was credited with unjustified daycare expenses.

{¶6} On April 20, 2021, Krejci filed a Motion to Terminate Shared Parenting Plan.

{¶7} On July 28, 2021, Krejci's Motion to Terminate was resolved by the adoption of a new Shared Parenting Plan. Under the new Plan, the parties' parenting time was substantially equalized. With respect to child support, the Plan provided: "Child Support remains controversial and shall be heard at a hearing with the date thereof to be determined by further court order."

{¶8} On November 29, 2021, Krejci filed a Motion to Modify and/or Terminate Child Support on the grounds that "the parties entered into a modified shared parenting plan in which each parent received fifty percent (50%) parenting time" and "Defendant-Mother earns more money than Plaintiff-Father."

{¶9} On December 16, 2021, Jameson filed a Motion to Terminate or in the Alternative to Modify Parenting Plan on the grounds that "Michael is not suited to co-parenting" and "refuses to embrace the basic axiom that shared parenting requires communication and respect."

{¶10} On April 27, 2022, Krejci filed a Motion for Attorney Fees and Costs, pursuant to R.C. 3105.73, with respect to Jameson's Motion to Terminate or in the Alternative Modify Shared Parenting.

Case No. 2023-A-0054

{¶11}  On December 2, 2022, Krejci filed a Supplemental Motion for Attorney Fees and Costs.

{¶12}  On December 12, 2022, a hearing was held before a magistrate on Krejci's Objection to Administrative Support Order, Motion to Modify and/or Terminate Child Support, and Motion for Attorney Fees and Costs; and on Jameson's Motion to Terminate or in the Alternative to Modify Parenting Plan.

{¶13}  On February 8, 2023, a Magistrate's Decision was issued with findings of fact and conclusions of law.

{¶14}  The magistrate sustained Krejci's Objection to the Administrative Support Order finding "no evidence to sustain a day care credit in March 2020."

{¶15}  The magistrate granted Krejci's Motion to Terminate Child Support finding "it unjust and inappropriate and not in the best interests of the minor child for guideline support to be paid."

{¶16}  The magistrate denied Jameson's Motion to Terminate the Parenting Plan based on the following:

> Defendant does not believe the parties are communicating properly which requires a termination or modification of the Shared Parenting Plan according to her pleadings and her testimony.  Defendant testified to four examples where Plaintiff made unilateral decisions in opposition of the Shared Parenting Plan:
>
> > 1. At some point, Defendant scheduled a virtual doctor appointment for the child due to illness and the child was diagnosed with asthma.  Plaintiff did not agree with the diagnosis because it was done during a virtual appointment. It was agreed that Plaintiff would schedule an appointment for a second opinion.  The second opinion appointment was scheduled and then rescheduled a couple of times by the provider.
> >
> > Defendant was using Plaintiff's second opinion appointment

3

as a follow up appointment for the child's asthma diagnosis. Defendant felt that the appointment was scheduled untimely and that Plaintiff should have scheduled the appointment sooner especially since it was rescheduled by the provider a couple of times. Defendant never scheduled a follow up appointment for the child. Rather she piggy backed onto Plaintiff's second opinion appointment and then was upset with the untimeliness.

2. For the 2022-2023 school year, Plaintiff felt the child should determine if wearing a mask was necessary or not at school. Defendant believed that the child should wear a mask. Plaintiff signed a mask policy document he received from another parent indicating that the child did not have to wear a mask at school. Plaintiff told the child to keep it in her school bag if the school required it. Plaintiff signed the document without consulting Defendant.

3. During Parent/Teacher Conferences the first quarter of the 2022-2023 school year, a school counselor mentioned to Plaintiff that she was going to speak with the child about participating in Lunch Brunch. Lunch Brunch is where the counselor sits with students to discuss various topics during school lunch. The counselor indicated that she was going to ask several of the young girls that were the child's friends to participate. No permission from a parent was required. A child's participation is voluntary. Plaintiff did not discuss Lunch Brunch with Defendant.

4. The child's school football team went to the state championship. As a result, the school let students leave with parents at noon or they could stay and watch movies. This fell on one of Plaintiff's parenting days. Plaintiff made the decision to remove the child from school at noon without telling Defendant.

Defendant also indicates that the current Shared Parenting Plan is affecting the child's attendan[ce] and grades at school. Upon investigation into this concern, the Guardian ad litem found that in the first quarter of 5th grade, the child was absent 6.5 days. In the second quarter of 5th grade through November 30, 2022, the child was absent 8 days. The break down from the school which is attached to the Guardian ad litem Report indicates that the child has more absences while in Defendant's care. The child has not been tardy this school year.

4

The child had more absenteeism in the 2021-2022 school year.

During Plaintiff's parenting time, step-mother often assists with transportation to and from school.

Also in her investigation, the Guardian ad litem checked the child's academic record since the Shared Parenting Plan went into effect. The absences and the change to a Shared Parenting Plan schedule are not harming the child's academics. In fact, the child was on the honor roll the first quarter of this school year.

The Guardian ad litem spoke with the child regarding this issue. The child is happy and healthy. She wants to spend as much time with both parents as possible. The child has a loving relationship with both parents and half siblings in each parent's home.

The Guardian ad litem is concerned about the disparaging comments both parents make about the other parent in front of the child.

Parties have been using Our Family Wizard to communicate. Both parties believe OFW helps with their communication.

The Guardian ad litem is not recommending a change in the parenting time.

{¶17} The magistrate denied Krejci's Motion for Attorney Fees and Costs based on the following considerations: "There have been approximately 20 hearings held in the [present] case on various motions and objections filed by both parties since the Decree of Dissolution. The motions and objections have included issues of parenting time and child support. Based on all the foregoing findings and applicable statutes, the Magistrate does not find it equitable to grant attorney fees and costs."

{¶18} On February 16 and July 25, 2023, Krejci filed Objections and Supplemental Objections respectively to the Magistrate's Decision.

{¶19} On August 16, 2023, the trial court overruled Krejci's objections and adopted the Magistrate's Decision.

5

{¶20} On September 12, 2023, Krejci filed a Notice of Appeal. On appeal, Krejci raises the following assignments of error:

[1.] The trial court erred in denying Appellant's motion for attorney fees under R.C. 3[1]05.73(B) when Appellee filed a frivolous motion to terminate a shared parenting plan.

[2.] The trial court erred in denying Appellant's motion for attorney fees under R.C. 3105.73(B) because Appellee filed a complaint with CSEA for unpaid child support when a court order was in place stating that the issue of child support was yet to be decided.

[3.] The trial court erred in failing to order Appellee to pay child support.

{¶21} The first two assignments of error contest the denial of Krejci's Motion for Attorney Fees and Costs.

{¶22} "In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets." R.C. 3105.73(B).

{¶23} "[A]lthough statutorily authorized to do so, the domestic relations court is not obligated to make such an award in every case." *Jestice v. Jestice*, 12th Dist. Butler No. CA2023-07-072, 2024-Ohio-122, ¶ 30. "Based upon the plain language of R.C. 3105.73(B), the main consideration in awarding attorney fees under this section is whether the court finds such an award 'equitable.'" *Lykins v. Lykins*, 2023-Ohio-4469, __ N.E.3d __, ¶ 68 (12th Dist.). "Because a court addresses an award of attorney fees

6

through equitable considerations, a trial court properly can consider the entire spectrum of a party's actions, so long as those actions impinge upon the course of the litigation." (Citation omitted.) *Patron v. Patron*, 5th Dist. Stark No. 15CA00088, 2015-Ohio-5404, ¶ 23.

{¶24} "The decision to award attorney fees under R.C. 3105.73 lies within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion." *Wilson v. Wilson*, 8th Dist. Cuyahoga No. 112105, 2023-Ohio-1752, ¶ 23 (cases cited); *Willoughby v. Willoughby*, 11th Dist. Trumbull No. 2012-T-0095, 2014-Ohio-743, ¶ 50 ("[a] court's decision on a request for attorney fees will not be reversed absent an attitude that is unreasonable, arbitrary, or unconscionable").

{¶25} Krejci asserts that it is inequitable not to award him attorney fees given that Jameson's Motion to Terminate or in the Alternative to Modify Parenting Plan was "on its face, baseless," and that her arguments in favor of terminating shared parenting were all frivolous. Brief of Plaintiff-Appellant at 7. While we take no exception to the magistrate's conclusion that Jameson's Motion was meritless, we do not agree that it was, on its face, baseless or that her arguments were wholly frivolous.

{¶26} Jameson's Motion described the adoption of the new Shared Parenting Plan in July 2021 as "a long and demanding process * * * to arrive at a parenting schedule to which I had HUGE reservations." She continued: "I was counseled by the GAL and my attorney to allow Michael an opportunity to make good on various promises and assertions relative to his ability to co-parent our daughter." However, she subsequently felt Krejci was "not suited to co-parenting" and "unable to discuss anything related to [their daughter] with [her]." It is well established that "the failure of parents to communicate

7

and/or cooperate effectively are grounds for terminating a shared parenting plan." (Citation omitted.) *Thomas v. Thomas*, 11th Dist. Trumbull No. 2023-T-0015, 2023-Ohio-3941, ¶ 45; *Ziegler v. Ziegler*, 2d Dist. Greene No. 2021-CA-18, 2022-Ohio-1527, ¶ 33. Jameson's Motion was not baseless on its face. Again, while Jameson's arguments that Krejci acted unilaterally in making decisions for the child or in ways contrary to the child's well-being proved meritless, they are not significantly different from arguments raised by Krejci in his Motion to Terminate Shared Parenting. *See* Plaintiff-Father's Motion to Terminate Shared Parenting ("my daughter has been missing an inordinate amount of school over the last two (2) years" and "I am never consulted about this issue"; "[the child's] counseling appointments have been routinely scheduled for Wednesdays when I have parenting time"; and "Defendant will not keep me timely informed of school events").

{¶27} Even assuming, arguendo, that Jameson's Motion was frivolous and/or made in bad faith, the magistrate was not obligated to award Krejci attorney fees unless she deemed it equitable to do so. Krejci argues that R.C. 3105.73(B) "aims to curb frivolous conduct in postdecree proceedings." *Rummelhoff v. Rummelhoff*, 2022-Ohio-1224, 187 N.E.3d 1079, ¶ 49 (1st Dist.). As noted above, however, the main consideration in awarding fees under R.C. 3105.73(B) is that such an award be equitable and what is equitable may but does not necessarily encompass frivolous conduct. *Compare* R.C. 2323.51(B)(1) which expressly provides that "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with [a] civil action." Krejci did not seek attorney fees under R.C. 2323.51(B)(1) but, rather, R.C. 3105.73(B). Accordingly, the standard is what is deemed equitable.

8

Case No. 2023-A-0054

{¶28} Krejci maintains that the magistrate's denial of his Motion for Attorney Fees and Costs on the grounds that "[t]here have been approximately 20 hearings held in the [present] case on various motions and objections filed by both parties since the Decree of Dissolution" effectively "gut[s]" the statute and implies that "the more frivolous pleadings a party files, the less equitable an award of attorney fees would be." Brief of Plaintiff-Appellant at 10. On the contrary, the magistrate's reasoning implies that both parties have contributed to the protracted nature of the litigation and, therefore, it is equitable that each party bears its own attorney fees and costs. Such a conclusion falls well within the lower court's discretion.

{¶29} Krejci further argues that Jameson should pay attorney fees and "100% of the Guardian ad Litem's fees" because she violated the terms of the Shared Parenting Plan by filing the Motion to Terminate with the trial court rather than seeking mediation. Brief of Plaintiff-Appellant at 9. The parties' July 28, 2021 Shared Parenting Plan contained the following mediation provision:

> If either party believes that there has been an inappropriate parenting behavior(s), that parent shall talk and communicate regarding any such issue(s). If after talking, communicating, and discussing the matter(s) they are unable to resolve a major issue regarding the best interest of the child, the parties shall attempt dispute resolution through a mediation process. The parents agree that their mediator shall be John Shryock. The parents further agree that any fees required by Attorney Shryock, shall be divided equally and shall be in the nature of child support and therefor not subject to forgiveness via bankruptcy. Mediation shall be a condition precedent to the filing of any motion with the court. If either party believes that the mediation is not in good faith, that party may file a motion to address said issue. If either party refuses to participate in mediation and/or unreasonably delays mediation, the condition precedent shall be deemed satisfied.

{¶30} Jameson counters that Krejci did not avail himself of mediation before

moving for attorney fees and costs.

{¶31} We still conclude that the decision not to award attorney fees and costs was a reasonable exercise of the trial court's discretion. We note that, on January 12, 2022, Krejci moved the court to dismiss Jameson's Motion to Terminate the Parenting Plan on the grounds that she failed to avail herself of mediation as the parties had agreed upon and, thus, her Motion to Terminate was premature. On January 31, 2022, the magistrate denied the Motion to Dismiss but ordered "that both parties shall contact the mediator named in their Plan immediately and schedule mediation." Jameson testified at the motion hearing that two mediation sessions were held regarding the medical issues, although without effect. Thereafter, neither party sought further recourse to mediation. We recognize that the dismissal of Jameson's Motion or a stay of the proceedings pending further attempts at mediation were viable alternatives to hearing the Motion on merits. However, Krejci presents neither law nor argument that compels the court to impose fees and costs on Jameson as a sanction for moving the court directly to terminate the Plan. As noted above, an award of attorney fees and costs is discretionary based on what the court deems equitable. Here, there was a partial attempt at mediation and a lack of effort by either party at further mediation. *Compare Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 25-29 (finding no abuse of discretion where the trial court did not hold a party in contempt for filing a motion to modify custody without first seeking to mediate as required by the shared parenting plan).

{¶32} The first assignment of error is without merit.

{¶33} In the second assignment of error, Krejci argues that Jameson caused him to incur additional attorney fees, for which she should be responsible, by complaining to

10

the child support enforcement agency that he had ceased paying child support. Krejci maintains that the issue of child support was left undecided when the new Shared Parenting Plan was adopted in July 2021. At the hearing, Jameson admitted that she contacted child support sometime thereafter because she was not receiving payments with the result that child support filed for contempt against Krejci.

{¶34} We find no abuse of discretion. The July 2021 Shared Parenting Plan provided that "Child Support remains controversial and shall be heard at a hearing with the date thereof to be determined by further court order." This statement does not suspend or vacate the support order that was already in place[1], as suggested by Krejci's filing of a Motion to Modify and/or Terminate Child Support after the adoption of the new Plan. There is no evidence of any bad faith or malicious purpose in Jameson contacting child support beyond that of inquiring about the cessation of support payments despite the existence of a valid support order.

{¶35} The second assignment of error is without merit.

{¶36} In the third assignment of error, Krejci argues the trial court erred by failing to order Jameson to pay child support: "The January 6, 2023 child support worksheet attached to the Magistrate's February 8, 2023 decision shows that if Appellee paid child support, she would still have 51.45% of the [parties'] total income." Brief of Plaintiff-Appellant at 12.

{¶37} "A court that issues a shared parenting order in accordance with section 3109.04 of the Revised Code shall order an amount of child support to be paid under the

---

1. The Agreed Judgment Entry adopting the July 2021 Shared Parenting Plan declared that the prior August 2013 Shared Parenting Plan was "vacated and held for naught." Krejci's support obligation, however, was established by a Judgment Entry of June 11, 2013, prior to the adoption of any shared parenting plan.

11

child support order that is calculated in accordance with the schedule and with the worksheet, except that, if that amount would be unjust or inappropriate to the children or either parent and therefore not in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code, the court may deviate from that amount." R.C. 3119.24(A)(1). Appropriate factors for consideration when determining whether a deviation is warranted include "[e]xtended parenting time" and "the disparity in income between parties or households." R.C. 3119.23(C) and (E).

{¶38} "Matters involving child support are reviewed under an abuse-of-discretion standard." *Morrow v. Becker*, 138 Ohio St.3d 11, 2013-Ohio-4542, 3 N.E.3d 144, ¶ 9. "Under an abuse-of-discretion standard, a lower court decision will be reversed for mere error, but only when the court's decision is unreasonable, arbitrary, or unconscionable." *Id.*

{¶39} Here we find no abuse of discretion. As noted by Jameson, Krejci did not seek an order of child support against her before the magistrate. Krejci's Motion to Modify and/or Terminate Child Support only moved the court "to modify and/or terminate" the current support order on the grounds that "the parties entered into a modified shared parenting plan in which each parent received fifty percent (50%) parenting time" and "Defendant-Mother earns more money than Plaintiff-Father." Krejci was the child support obligor. Krejci cites no law for the proposition that the party with the greater income is ipso facto the obligor under a support order. *Hannah v. Hannah*, 2016-Ohio-1538, 63 N.E.3d 703, ¶ 16 (8th Dist.) ("[t]here is no provision in the statute that allows the court upon judicial review of the agency's child support determination to change the obligor

12

designation from one party to another").  In fact, when the original support order was put in place in June 2013, the disparity between the parties' incomes was even greater than when the last support worksheet was completed in January 2023.  Under the January 2023 worksheet, Krejci's support obligation was determined to be $373.72 per month.  The magistrate reasonably determined such an award to be "unjust and inappropriate" and granted the Motion to Terminate retroactive to July 2021.

{¶40}  The preceding also refutes Krejci's claim that the trial court erred by not referencing R.C. 3119.23 when ordering a deviation from the amount of child support owed as determined by the worksheet.  Simply put, the court did not order a deviation in the amount of support.  Jameson has never been under an order to pay child support to Krejci.  The purpose of the supporting worksheet at issue was to determine the amount of support owed by Krejci, not Jameson.  The court did not deviate from this amount but, rather, terminated Krejci's support obligation altogether.  Since Jameson was not under an order to pay support to Krejci (nor was such an order requested), there was no cause to consider the factors for deviation and certainly no error in not considering them.

{¶41}  The third assignment of error is without merit.

{¶42}  For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.  Costs to be taxed against the appellant.


EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.


13

Case No. 2023-A-0054